IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOSHANN THOMPSON,<br><br>                   Plaintiff,<br><br>    vs.<br><br>MARY FINNEGAN, SUSAN WOLLENBURG, JON THOMPSON, JENNIFER GRIFFIN, JENNIFER TIGH DE SOTO, and DEANNA ARMSTRONG,<br><br>                   Defendants. | **8:20CV70**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Latoshann Thompson filed her Complaint on February 20, 2020. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This is a medical malpractice action in which Plaintiff alleges that Defendants failed to correctly diagnose and/or provide proper medical treatment for her medical condition(s) between October 2015 and April 2018 resulting in unnecessary surgeries, pain and suffering, and disfigurement.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

As part of its initial review, this court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, is proper when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The necessary diversity of citizenship can be between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2). In addition, the amount in controversy in an action brought under "diversity of citizenship" jurisdiction must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Here, Plaintiff utilized the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." (Filing No. 1.) Plaintiff has alleged an amount in controversy well above the requisite $75,000.00 amount. However, Plaintiff alleges both she and Defendant Mary Finnegan are citizens of Nebraska and has provided a Nebraska address for the remaining Defendants. (*See* Filing No. 1 at CM/ECF pp. 2–4.) As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On the court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this court's jurisdiction. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of

Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 29, 2020**, to file an amended complaint that clearly sets forth a basis for this court's jurisdiction. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: **June 29, 2020**: check for amended complaint.

Dated this 29th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4